*Northern District*

No. 4925

MARTIN EDWARD INC.

v.

MERCHANTS & MFGRS. INS. CO.    70611

BRIGHAMS CAFE INC.

v.

PHOENIX INSURANCE CO. etc.    70612

BRIGHAMS CAFE INC.

v.

NATIONAL UNION FIRE INS. CO.    70613

BRIGHAMS CAFE INC.

v.

MERCHANTS & MFGRS. INS. CO.    70614

BAY STATE CAFE INC.

v.

MERCHANTS & MFGRS. INS. CO.    70615

MARTIN EDWARD INC.

v.

NATIONAL UNION FIRE INS. CO.    70616

BRIGHAMS CAFE INC.

v.

COMMERCIAL UNION
FIRE ASSURANCE CO.    70617

MARTIN EDWARD INC.

v.

COMMERCIAL UNION
FIRE ASSURANCE CO.    70618

BAY STATE CAFE INC.

v.

COMMERCIAL UNION
FIRE ASSURANCE CO.    70619

BAY STATE CAFE INC.

v.

NATIONAL UNION FIRE INS. CO.  70620

MARTIN EDWARD INC.

v.

HOME INSURANCE CO.  70621

BRIGHAMS CAFE INC.

v.

HOME INSURANCE CO.  70622

BAY STATE CAFE INC.

v.

CALEDONIAN INSURANCE CO.  70623

BAY STATE CAFE INC.

v.

HOME INSURANCE CO.  70624

MARTIN EDWARD INC.

v.

CALEDONIAN INSURANCE CO.  70625

BRIGHAMS CAFE INC.

v.

CALEDONIAN INSURANCE CO.  70626

BAY STATE CAFE INC.

v.

PHOENIX INSURANCE CO.  70627

MARTIN EDWARD INC.

v.

PHOENIX INSURANCE CO.  70628

(March 9, 1960)

*Present:* Northrup, J., (Presiding) and Kelleher, J.

Case tried to *Brine, J.,* in the District Court of Somerville. Nos. 70611 to 70628 Incl.

*Northrup, J.* These are eighteen cases of contract and tort brought by three Plaintiffs against six insurance companies. Said cases were entered in District Court of Somerville on August 13, 1955. The Plaintiff's declaration in each case is in three counts. *Count No.* 1 is under a written contract of insurance for recovery of fire loss allegedly sustained by the Plaintiff. *Count No.* 2 alleges that the Defendant intentionally failed to fulfill its obligations under its policy of insurance with the Plaintiff, and intentionally sought to em-

barrass, hinder and harass the Plaintiff by forcing the Plaintiff to settle its claim for less than its actual worth. *Count No. 3* alleges violation by the Defendant of its contract, by allegedly attempting to induce other Insurance Companies insuring the Plaintiff, to refuse to fulfill their obligations under their contract of insurance with the Plaintiff.

On the return day, the plaintiff in each case filed interrogatories and notice to admit facts. On August 17, 1955 the defendant in each case filed an answer in abatement alleging (1) pendency of a similar action in the Suffolk Superior Court; (2) pendency of a similar action in the District Court of Somerville; (3) denial of venue and denial of proper service on the defendant. On August 18, 1955 the plaintiff, in each case, filed an affidavit of no defense and motions to default and enter judgment and for issuance of an execution. On August 19, 1955, in the absence of the defendants' attorneys, the defendants' pleas in abatement were overruled, and the defendants were given until August 25, 1955 to answer but said order was revoked on August 25, 1955. On September 3, 1955 the defendant in each case filed a motion for leave to file a further answer in abatement in addition to its answer previously filed, alleging non-joinder of parties. In the six cases where Brigham Cafe Inc. was plaintiff, the defendants also asked for leave to set up that a receiver had been appointed for the plaintiff and that the plaintiff therefore had no right to maintain its actions. On September

7, 1955 the plaintiffs filed in each case an application for default under District Court Rule XIII for failure to answer interrogatories, and a docket entry was made on that day to the effect that the defendants were defaulted and answers were to be filed within ten days. The next day to wit; on September 8, 1955 there was a hearing before the Court on the affidavits of no defense, and motions for entry of judgment previously filed by the plaintiffs and the motions were denied. The Court also heard the defendants' answers in abatement and their motions for leave to file further answers in abatement. Counsel for the defendants in support of the same introduced the docket entries and the bill in equity in case No. 68893 Suffolk Superior Court, in which the Bay State Cafe Inc. was plaintiff against the various insurance companies who were defendants in the District Court case. Said counsel also introduced the docket entries and the bill in equity in the Suffolk Superior Court, in which Martin Edward Inc. and Brigham's Cafe Inc. were plaintiffs against the various insurance companies who were defendants in the case at bar. Counsel for the defendants also called the Court's attention to the pendency, without service, of eighteen similar cases which the several plaintiffs had brought against the defendants in the District Court of Somerville. Counsel also introduced certified copies of records of the Commonwealth of Massachusetts tending to show that the recorded place of business of the three corporate plaintiffs was in the City

of Boston in Suffolk County. Defendants'
counsel further represented to the Court that
the fire, alleged to have occurred, was at the
Silver Dollar Bar on Washington Street,
Boston, Mass.; that licenses for operation of
the business were issued by the City of Boston
and that no license, at any time, was issued by
the City of Somerville. Defendants' counsel
also called attention of the Court to the return
of service in each case. In six of the cases, the
person served was reported to be "Manager
of the Claims Department of the Fred C.
Church Ins. Co., Agent for (defendant) and
officer in charge of its business." In three
cases there was no service, and in the three
other cases the return showed service upon a
named person alleged to be in charge of the
defendant corporation's business, without
reference to that person's title, office or
position. All of the writs described the de-
fendants' various places of business as some
place other than Somerville and outside the
judicial district of the Court.

Defendant's counsel also called attention of
the court to the fact that, in each policy three
parties were named, and also that the plain-
tiffs' declarations stated that the insurance
monies sought to be recovered in the case at
bar were "payable to the plaintiff as his
interests may appear, and to others". Defend-
ant's counsel also produced at said hearing a
certified copy of docket entries of the case of
*Price Brothers v. Brigham Cafe* d-b-a Silver
Dollar Bar Eq. No. 67318, Suffolk Superior
Court which showed that David J. Cohen

had been appointed receiver of said Corporation and that said appointment was in full force and effect.

After hearing, the Court allowed the defendants' motions for further answers in abatement and in each case sustained the defendant's answer in abatement. The plaintiffs duly claimed reports.

The report in this case fails to show that the plaintiffs made any objection to the admission of any of the evidence offered at said hearing, or that they objected to any of the representations made to the Court by the defendants' counsel. Furthermore the plaintiff filed no requests for rulings of law.

Under the circumstances, the only question raised by the plaintiffs' claims of error, if any, is whether or not, on the facts set forth in the report, the rulings made by the Court on said motions were warranted.

We are of the opinion that there were ample grounds for the action taken by the Court and that no error in its rulings is disclosed by the report.

On September 10, 1955 the plaintiffs filed motions for re-opening of the hearing, and in connection therewith, filed requests for rulings. The report fails to show what action, if any, was taken by the Court on these motions, and what ruling, if any, the Court made on the requests filed in connection therewith. Obviously in the absence of such information in the report no claim of prejudicial error on the part of the Court can successfully be maintained.

On September 17, 1955 the defendants appeared specially, and reciting the allowance of their answers in abatement, moved for the removal of their defaults for failure to file answers to interrogatories and for extensions of time to admit facts. Both of these motions were denied "without prejudice" on September 23, 1955. Previous to the denial of said motions, the plaintiffs on September 19, 1955, filed motions to strike out said motions filed. by the defendants on September 17, 1955. In connection with their said motions to strike out the plaintiffs also filed certain requests for rulings of law.

On October 3, 1955 the plaintiffs' said motions were denied together with all of their requests for rulings of law. The plaintiffs claimed reports.

However, since the defendants' motions to remove default and to extend time for answering the notice to admit facts, had already been denied to wit; on September 23, 1955, it is difficult for us to conceive of any possible theory under which the plaintiffs could be prejudiced. Certainly there can be no prejudicial error in the refusal of the Court to strike out motions which the Court has already previously denied. The plaintiffs requests for rulings stand on the same footing and the denial of the same cannot, under such circumstances be made the basis for any claim of prejudicial error.

In conclusion, it is our opinion, after consideration of the several objections properly raised by the plaintiffs in the report before

us, that there was no prejudicial error in any of the Court's rulings in connection therewith.

*The report is therefore ordered dismissed.*

Angus M. McNeil of Somerville, for the Plaintiffs.

Burke, Monaghan & McGrath of Boston, for the Defendants.